UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL S. NEWMAN, as receiver for
Founding Partners Capital Management
Company; Founding Partner Stable-
Value Fund, L.P., Founding Partners
Stable-Value II, L.P., Founding
Partners Global Fund, Ltd.,
Founding partners Hybrid-Value
Fund, L.P.,


vs.                          Case No.  2:11-cv-479-FtM-29DNF


WILLIAM L. GUNLICKS IRREVOCABLE
TRUST F/B/O NISSA COX, NISSA COX,
individually and in her capacity as
Trustee of the William L. Gunlicks
Irrevocable Trust f/b/o Nissa Cox,
WILLIAM L. GUNLICKS IRREVOCABLE
TRUST f/b/o Annalee Good, ANNALEE
GOOD, individually and in her
capacity as Trustee of the William
L. Gunlicks Irrevocable Trust f/b/o
Annalee Good, WILLIAM L. GUNLICKS
IRREVOCABLE TRUST f/b/o WILLIAM V.
GUNLICKS, WILLIAM V. GUNLICKS,
individually and in his capacity as
Trustee of the William L. Gunlicks
Irrevocable Trust f/b/o William V.
Gunlicks,


                         Defendants.
_____


**OPINION AND ORDER**

    This matter comes before the Court on Defendants' Motion to

Dismiss or, in the Alternative, to Strike Complaint (Doc. #13)

filed on December 20, 2011.  Plaintiff filed a response on January

20, 2012[1] (Doc. #16), to which defendants filed a reply on January 27, 2012 (Doc. #17).  Oral argument was held on September 24, 2012.

## I.

Plaintiff Daniel S. Newman (plaintiff or Receiver) is the Court-appointed receiver for certain Receivership Entities[2] in SEC v. Founding Partners Capital Mngmt. Co., et al., Case No. 2:09-cv-229-FtM-JES-SPC (M.D. Fla.), currently pending before the undersigned.  The plaintiff was appointed as Receiver on May 20, 2009, (Doc. #1, ¶2), and was authorized to institute appropriate legal proceedings on behalf of the Receivership Entities (Id. at ¶5.)

On August 26, 2011, the Receiver filed a six-count Complaint (Doc. #1) against:  (1) the William L. Gunlicks Irrevocable Trust f/b/o (for the benefit of) Nissa Cox; (2) Nissa Cox, individually and in her capacity as Trustee of the William L. Gunlicks Irrevocable Trust f/b/o Nissa Cox; (3) William L. Gunlicks Irrevocable Trust f/b/o Annalee Good; (4) Annalee Good individually and in her capacity as Trustee of the William L. Gunlicks Irrevocable Trust f/b/o Annalee Good; (5) William L. Gunlicks

---

[1]On December 28, 2011, plaintiff was granted an extension of time in which to respond to the motion to dismiss.  (Doc. #15.) Therefore, plaintiff's response was timely filed.

[2]Founding Partners Capital Management Company (FPCMC), Founding Partners Stable-Value Fund, L.P., Founding Partners Stable-Value Fund, II, L.P., Founding Partners Global Fund, Ltd., and Founding Partners Hybrid-Value Fund, L.P. (collectively, "the Receivership Entities").

Irrevocable Trust f/b/o William V. Gunlicks; and (6) William V. Gunlicks, individually and in his capacity as Trustee of the William L. Gunlicks Irrevocable Trust f/b/o William V. Gunlicks (collectively defendants) (Id. at pp. 1-2.) The Complaint asserts state law claims for fraudulent transfer in violation of the Florida Uniform Fraudulent Transfers Act (FUFTA), Fla. Stat. § 726 *et seq.* (Counts I, III, V) and state law claims for unjust enrichment (Counts II, IV, VI) arising out of three monetary transfers.

The Complaint alleges that Founding Partners Capital Management Company (FPCMC) falsely represented to its investors that its primary fund, Stable Value, loaned money to Sun Capital Healthcare, Inc. and Sun Capital Inc. (collectively, Sun Capital) to purchase discounted commercial and healthcare receivables, and that Sun Capital would, in turn, pay certain Receivership Entities interest on the loans. (Id. at ¶17.) It further asserts that William L. Gunlicks wrongfully made three transfers of equity of FPCMC to his children's respective trusts for no value and to the detriment of the receivership estate. (Id. at ¶19.) The three transfers were all made on or about December 20, 2008, when FPCMC transferred $83,910.00 to each of the following trusts: (1) the Williams L. Gunlicks Irrevocable Trust f/b/o Nissa Cox (Cox Trust), (2) the Williams L. Gunlicks Irrevocable Trust for f/b/o Annalee Good (Good Trust), and (3) the William L. Gunlicks Irrevocable

Trust f/b/o William V. Gunlicks (William V. Gunlicks Trust) (Id. at ¶¶22-24.)  The Complaint alleges that the monies transferred were monies "derived from the fraud perpetrated upon investors" (Id. at ¶¶22-24), that the Receivership Entities did not receive reasonably equivalent value in exchange for the transfer of monies to the trusts (Id. at ¶25), that defendants knew or had reason to believe the Receivership Entities collateral was at risk (Id. at ¶¶26-28), and that no consideration was paid for the transfers (Id. at ¶33.)

The Complaint alleges companion counts for each transfer.  One count seeks to set aside and recover the transfer under the FUFTA, and the companion count seeks to recover the transferred amount under an unjust enrichment theory.  The amended motion to dismiss challenges only the FUFTA counts.

## II.

Defendants' Motion to Dismiss (Doc. #13) seeks to dismiss the Complaint for lack of subject-matter jurisdiction, lack of personal jurisdiction over the individual defendants, and failure to state a claim upon which relief can be granted.  In the alternative, defendants seek to strike the Complaint or part of it for seeking improper relief.  As a final alternative, defendants seek a more definite statement pursuant to Fed. R. Civ. P. 12(e).  Plaintiff responds that the motion is without merit and should be denied in its entirety.

**A.   Subject Matter Jurisdiction**

Defendants assert that the court lacks subject matter jurisdiction over some or all of them because the Complaint only alleges state law claims, defendants are not named parties in the underlying Securities and Exchange Commission action, and there are insufficient facts alleged to establish supplemental jurisdiction or to satisfy the requirements of 28 U.S.C. §§ 754 and 1692.  (Doc. #13, p. 3.)  The Court disagrees with the conclusion that it lacks subject matter jurisdiction.

A challenge to subject matter jurisdiction of the court is brought under Fed. R. Civ. P. 12(b)(1).  When a Rule 12(b)(1) motion is a facial challenge to the complaint, as here, the district court may only look to the facts alleged in the complaint, taking them as true.  McElmurray v. Consol. Gov't of Augusta-Richmond Cnty., 501 F.3d 1244, 1251 (11th Cir. 2007).

The rule regarding subject matter jurisdiction in a case such as this was succinctly stated by the Fourth Circuit:

> The Supreme Court has held that a district court has ancillary subject matter jurisdiction over an action brought by a receiver in furtherance of its appointment where the district court had federal question jurisdiction over the original action in which it appointed the receiver.  See Riehle v. Margolies, 279 U.S. 218, 223, 49 S.Ct. 310, 73 L.Ed. 669 (1929) ("The appointment of a receiver of a debtor's property by a federal court confers upon it, regardless of citizenship and of the amount in controversy, federal jurisdiction to decide all questions incident to the preservation, collection, and distribution of the assets. It may do this either in the original suit . . . or by ancillary proceedings.") (citations omitted); Pope v. Louisville,

> N.A. & C. Ry. Co., 173 U.S. 573, 577, 19 S.Ct. 500, 43
> L.Ed. 814 (1899) (noting that a court of appointment has
> ancillary subject matter jurisdiction over a suit brought
> by a receiver for recovery of receivership property);
> White v. Ewing, 159 U.S. 36, 38-39, 15 S.Ct. 1018, 40
> L.Ed. 67 (1895) (holding that a court that appoints a
> receiver for an insolvent corporation retains
> jurisdiction over claims brought by the receiver against
> debtors of the corporation).

Robb Evans & Assocs., LLC v. Holibaugh, 609 F.3d 359, 362 (4th Cir.

2010).  See also Haile v. Henderson Nat'l Bank, 657 F.2d 816, 822

(6th Cir. 1981); Crawford v. Silette, 608 F.3d 275, 277-78 (5th

Cir. 2010).  The enactment of 28 U.S.C. § 1367 does not change this

principle.  Holibaugh, 609 F.3d at 363.

Here, the district court appointed Newman as Receiver to,

among other things, locate and collect the assets of the

Receivership Entities, and authorized the Receiver to take

appropriate legal action to fulfill its obligations.  There is no

question that the SEC enforcement action in which the Receiver was

appointed was within the subject matter jurisdiction of the federal

court, and this current litigation is in furtherance of the

Receiver's duties.  Accordingly, the motion to dismiss pursuant to

Rule 12(b)(1) for lack of subject matter jurisdiction is denied.

**B.  Personal Jurisdiction**

The individual defendants seek to dismiss the claims against

them for lack of personal jurisdiction because they are residents

of Illinois and the Complaint fails to allege sufficient facts to

establish a prima facie case for personal jurisdiction.  (Doc.

#13, p. 3.)   The Court finds that personal jurisdiction is sufficiently alleged.

In <u>SEC v. Vision Commc'ns, Inc.</u>, 74 F.3d 287, 290-91 (D.C. Cir. 1996), the Court explained the two-step process for obtaining personal jurisdiction in a case also involving a receiver in a proceeding ancillary to an SEC enforcement action.   Step one involved Federal Rule of Civil Procedure 4, which now provides that "[s]erving a summons or filing a waiver of service establishes personal jurisdiction over a defendant . . . (C) when authorized by a federal statute." Fed. R. Civ. P. 4(k)(1)(C). Step two required a statute that provides the needed authorization to have the defendant served in a district outside the territorial boundaries of the district court where the case was filed.   The court found that 28 U.S.C. § 1692[3] could provide such authorization.   To invoke § 1692, a receiver first must comply with 28 U.S.C. § 754, which provides in part that "a receiver appointed in one district may obtain jurisdiction over property located in another district by filing in the district court of that district, within ten days after the entry of his order of appointment, a copy of the complaint and his order of appointment."   <u>See also</u> <u>SEC v. Ross</u>, 504

---

[3]"In proceedings in a district court where a receiver is appointed for property, real, personal, or mixed, situated in different districts, process may issue and be executed in any such district as if the property lay wholly within one district but orders affecting the property shall be entered of record in each of such districts."   28 U.S.C. § 1692.

F.3d 1130, 1145 (11th Cir. 2007); <u>SEC v. Bilzerian</u>, 378 F.3d 1100, 1103-05 (D.C. Cir. 2004).   In <u>Bilzerian</u>, the Court re-visited <u>Vision Commc'ns</u>.   The Court recognized that although 28 U.S.C. §§ 754 and 1692 speak solely to jurisdiction over property, or *in rem* jurisdiction, "the 'interplay' between Rule 4(k) and 28 U.S.C. §§ 754 and 1692" provides *in personam* jurisdiction.   <u>Bilzerian</u>, 378 F.3d at 1106.

Here, the Complaint sufficiently alleges that the Receiver has filed the appropriate documents in Illinois (Doc. #1, ¶4). Defendants do not assert that the individual defendants were not properly served with process.   Accordingly, under <u>Vision Commc'ns</u> and <u>Bilzerian</u>, this Court has personal jurisdiction over the individual defendants, and the motion to dismiss pursuant to Rule 12(b)(2) is denied.[4]

---

[4]The Court notes that the Complaint also asserts personal jurisdiction over the defendants because they attempted to intervene in the ancillary proceedings to this matter.   The Court is not persuaded that these failed intervention attempts would provide personal jurisdiction over the defendants.   In the SEC enforcement action, the defendants attempted to intervene solely in their "capacit[ies] as []investor[s]."   <u>SEC v. Founding Partners Capital Mngmt. Co., et al.</u>, Case No. 2:09-cv-229-FtM-JES-SPC (M.D. Fla.)(Doc. #298, p. 1.)  Here, William L. Gunlicks, Annalee Good, and Nissa Cox are sued in their individual capacities as the beneficiaries of their respective trusts.   This is separate and apart from their role as investors.   In addition, the Court notes that at oral argument the counsel for the Receiver argued that personal jurisdiction was appropriate pursuant to Fla. Stat. § 736.0202.   This statute provides in relevant part that "[b]y accepting a distribution from [] a trust, the recipient submits personally to the jurisdiction of the courts of this state regarding any matter involving the distribution."   There are no
(continued...)

**C.  Failure to State Claim**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all well-pleaded factual allegations in a complaint as true and take them in the light most favorable to plaintiff.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002).    "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed."  James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)); see also Edwards v. Prime, Inc., 602 F.3d 1276, 1291 (11th Cir. 2010).  The former rule-that "[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief," La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004)-has been retired by Twombly.  James River Ins. Co ., 540 F.3d at 1274.  Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. 662

---

[4](...continued)
allegations in the Complaint that the alleged fraudulent transfers were ever distributed from the defendants' respective trusts.

(2009).   The Court need not accept as true legal conclusions or mere conclusory statements.   Id.

Defendants contend that the Complaint has not adequately pled fraudulent transfer claims under FUFTA because it failed to allege that the Receivership Entities are creditors, failed to allege any debtors, and failed to allege what claim the creditor has against the debtor.   Defendants also assert that the Complaint does not identify the underlying debt or judgment owed, or the identity of the debtor entity. (Doc. #13, pp. 5-7.)   In response, the Receiver contends that he has properly asserted a claim under FUFTA because he has pled a constructive fraud claim and therefore need not specifically identify a creditor, debtor, or claim.   (Doc. #16, pp.6-7.)

Under FUFTA, a transfer is voidable if fraudulent. Fla. Stat. § 726.108.  The Complaint specifically states that the FUFTA claims are brought pursuant to Fla. Stat. § 105(1)(a) and (b).  Fla. Stat. § 726.105(1)(a) concerns actual fraud while Fla Stat. § 726.105(1)(b) concerns constructive fraud.  Constructive fraud is also addressed in Fla. Stat. § 726.106.  Fla. Stat. § 726.105 provides:

> (1) A transfer is made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
>      (a) With actual intent to hinder, delay, or defraud any creditor of the debtor; or

         (b) Without receiving a reasonably equivalent value
in exchange for the transfer or obligation, and the
debtor:
         1. Was engaged or was about to engage in a
business or a transaction for which the remaining assets
of the debtor were unreasonably small in relation to the
business or transaction; or
         2. Intended to incur, or believed or reasonably
should have believed that he or she would incur, debts
beyond his or her ability to pay as they became due.

Section 726.106(1) provides:

    A transfer made or obligation incurred by a debtor is
    fraudulent as to a creditor whose claim arose before the
    transfer was made or the obligation was incurred if the
    debtor made the transfer or incurred the obligation
    without receiving a reasonably equivalent value in
    exchange for the transfer or obligation and the debtor
    was insolvent at that time or the debtor became insolvent
    as a result of the transfer or obligation.

The relevant applicable legal principles under the FUFTA are well

settled.

    The applicable statutory provisions in this area of the
    law are exceedingly clear. A "creditor" who possesses a
    "claim" may seek a number of remedies to prevent the
    fraudulent transfer of assets. Among the remedies are
    avoidance of the transfer, attachment, an injunction,
    appointment of a receiver, and "any other relief the
    circumstances may require." § 726.108(1)(b), Fla. Stat.
    (2002). A transfer is fraudulent if made "without
    receiving a reasonably equivalent value in exchange for
    the transfer or obligation and the debtor was insolvent
    at that time or the debtor became insolvent as a result
    of the transfer or obligation." § 726.106(1), Fla. Stat.
    (2002).

    To utilize the protections of chapter 726, however, a
    plaintiff must show that he or she has a "claim" which
    qualifies the party as a "creditor." See § 726.102(4),
    Fla. Stat. (2002). As defined in section 726.102, a
    "claim" is broadly constructed and "means a right to
    payment, whether or not the right is reduced to judgment,
    liquidated, unliquidated, fixed, contingent, matured,
    unmatured, disputed, undisputed, legal, equitable,

-11-

> secured, or unsecured." § 726.102(3), Fla. Stat. (2002).
> Thus, as is universally accepted, as well as settled in
> Florida, "A 'claim' under the Act may be maintained even
> though 'contingent' and not yet reduced to judgment."
> <u>Cook v. Pompano Shopper, Inc.</u>, 582 So.2d 37, 40 (Fla. 4th
> DCA 1991); see also <u>Money v. Powell</u>, 139 So.2d 702, 703
> (Fla. 2d DCA 1962) ("In this state contingent creditors
> and tort claimants are as fully protected against
> fraudulent transfers as holders of absolute claims.").

<u>Friedman v. Heart Institute of Port St. Lucie, Inc.</u>, 863 So. 2d
189, 192 (Fla. 2003). "This language is extremely broad." <u>Dillon
v. Axxsys Int'l, Inc.</u>, 185 Fed. App'x 823, 830 (11th Cir. 2006).
The FUFTA does not, however, create a cause of action against an
aider or abettor to a fraudulent transaction. <u>Freeman v. First
Union National Bank</u>, 865 So. 2d 1272 (Fla. 2004).

At oral argument, counsel for the receiver conceded that his
Complaint did not adequately identify a "creditor" "claim", or
"debtor." He asserts, however, that he need not specifically
identify these entities because he has asserted a constructive,
rather than actual, fraud claim. In support, he cites to an non-
binding opinion, <u>Wiand v. Buhl</u>, No. 8:10-CV-75-T-17MAP, 2011 WL
6048829 (M.D. Fla. Nov. 3, 2011)(Pizzo, Mag.)(<u>adopted</u>, 2011 WL
6048741 (M.D. Fla. Dec. 6, 2011)(Kovachevich, J.).

The first section of Fla. Stat. § 726.105 states that "[a]
transfer is made or obligation incurred by a *debtor* is fraudulent
as to a *creditor*, whether the *creditor's* claim arose before or
after the transfer was made or the obligation was incurred, if the
*debtor* made the transfer or incurred the obligation." Fla. Stat.

§ 726.105 (emphasis added).  The statute continues to provide two alternative manners in which to proceed on a claim either (a) if the debtor acted with intent to either "hinder delay, or defraud any creditor of the debtor" or (b) if the transfer was made without receiving reasonably equivalent  value.  <u>Id.</u>

The Court is not persuaded by <u>Wiand</u> and declines to read the statute in such a way as to render the terms "creditor" and "debtor" effectively meaningless.  <u>Market Co. v. Hoffman</u>, 101 U.S. 112, 15-16 (1979)("It is a cardinal rule of statutory construction that significant and effect shall, if possible, be accorded to every word."); <u>see also</u> <u>Untied States v. Nordic Village, Inc.</u>, 503 U.S. 30, 36 (1992).  The Receiver has failed to adequately identify a "creditor" and "debtor" and therefore, the Court dismisses the FUFTA claims without prejudice, and with leave to amend within the time frame set forth within a forthcoming Case Management and Scheduling Order.  Because the Court dismisses the FUFTA claims, the Motion to Strike and Motion for More Definite Statement are denied as moot.

Accordingly, it is now

**ORDERED**:

Defendants' Motion to Dismiss or, in the Alternative, to Strike Complaint  (Doc. #13) is **GRANTED IN PART** and **DENIED IN PART**:

1.  The motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (2) is **DENIED**.

-13-

2.   The motion to dismiss is **GRANTED** as to Counts I, III, and V which are dismissed without prejudice for the reasons set forth above.   The Receiver may file an Amended Complaint to re-assert these claims within the time frame set forth within a forthcoming Case Management and Scheduling Order.

3.   The Motion to Strike and Motion for More Definite Statement are **DENIED AS MOOT.**

**DONE AND ORDERED** at Fort Myers, Florida, this __25th__ day of September, 2012.

_____
JOHN E. STEELE
United States District Judge

Copies:

Counsel of record